IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| STEVEN W. SMITH, | : | BANKRUPTCY NO.: 4-09-bk-09563-JJT |
| | : | |
| | : | {**Nature of Proceeding**: Fourth Amended |
| DEBTOR | : | Chapter 13 Plan (Doc. #123)} |

# **OPINION**

The Chapter 13 Debtor, Steven Smith, is attempting to satisfy a mortgage against his property by paying to OneWest Bank the "allowed amount" of its secured claim under 11 USC § 1325(a)(5)(B)(ii). OneWest has filed a secured claim against the Debtor in the amount of $122,486.42.[1] While the Plan terms are not that unusual, it is the factual background of the case that renders it an oddity and explains why the Debtor argues that the allowed amount of the claim is a mere $5000 and can be satisfied by payment of that amount through the Plan.

OneWest Bank's mortgage against the Debtor's property was signed by only one of the two owners of the property, Steven and Yvette Smith. The Smiths owned the property as Tenants by the Entireties. For reasons still not clear, the mortgagee, then Indymac, instead of insisting that Yvette act as a signatory, requested that Steven's mother, Dorothy, execute the mortgage with Steven, the Debtor, despite the fact that she was not an owner. Under Pennsylvania law, entireties property is exempt from execution for the debts of one of the spouses. *Biehl v. Martin*, 236 Pa. 519, 523, 84 A. 953, 954 (1912).

This background spawned some unusual issues in the current bankruptcy. Initially, the

---

[1] The parties have agreed that the bankruptcy filings and the information therein can be accepted as evidence at the confirmation hearing.

Debtors (Yvette was then a joint debtor) objected to OneWest's secured claim arguing that one tenant cannot encumber the entireties property. That objection was overruled on the basis that the claim was still secured albeit by a contingent expectant interest. *In re Smith*, 449 B.R. 221 (Bkrtcy. M.D.Pa. 2011). The Debtor then tried to avoid the lien under the strong arm powers of the Trustee found in 11 U.S.C. § 544. The effort was defeated when the Court concluded that the Debtor did not have the powers of a Trustee in Chapter 13. *In re Smith*, 459 B.R. 571 (Bkrtcy. M.D.Pa. 2011). Now the Debtor is utilizing 11 U.S.C. § 1322(a)(5)(B)(ii), offering what he perceives is the allowed amount of the claim or $5000 in full satisfaction of the claim. In support of that argument, he relies on the age disparity of the owners – Steven is nine years older than his spouse – to determine that his chance of surviving his wife is 19.242% based on the IRS survivorship actuarial tables. The argument continues that a tenancy by the entirety is a type of joint survivorship ownership where the death of one vests the remaining interest in the property to the survivor. It would be the death of Yvette that would vest the sole ownership of the property in Steven, thus allowing OneWest to foreclose on that interest since its secured interest would no longer be contingent. Conversely, should Steven predecease Yvette, the mortgage interest of OneWest would terminate. The Debtor then further reduces the value of the OneWest Bank mortgage by the fact that there are other ways its mortgage could be divested such as by transfer of the joint interest. The Debtor guesstimates that the reduction would take the value of the mortgage down to $5000.[2]

Rather than attack the computations, OneWest stands firm with its position that Steven

---

[2] THE COURT: How did you come up with that value?
MR. WEISS: It was really nothing -- no magic to it. I just came up with a number.
THE COURT: Did you make it up?
MR. WEISS: Pretty much.
Transcript of 1/27/2012 at 9 (Doc. #136).

acted as an agent for Yvette in signing the mortgage, and therefore, their mortgage is as enforceable as if Yvette had cosigned the mortgage with her spouse. *Deutsche Bank Nat. Trust Co. v. Evans*, 421 B.R. 193 (W.D. Pa. 2009). The position may be tenable but for the fact that OneWest's predecessor, Indymac, was aware before the mortgage closing that a joint owner was not going to execute the mortgage. Stipulation of Facts filed to Adversary No. 4:11-ap-00335 at Doc. #8 and incorporated by reference at the time of hearing on this issue. Such be the case, I certainly wouldn't impose Yvette upon OneWest as a mortgagee when their predecessor voluntarily opted to proceed with the mortgage in her absence. In the final analysis, it really makes no difference to plan confirmation. OneWest Bank holds a mortgage against the Debtor's real property that the parties agree is a claim against the Debtor's residence. Since the residence is the only item that serves as collateral for the loan, it is barred from modification by the terms of § 1322(b)(2). The Debtor's argument that § 1325(a)(5)(B)(ii) trumps § 1322(b)(2) has been rejected by our Third Circuit Court of Appeals in *First Nat. Fidelity Corp. v. Perry*, 945 F.2d 61, 66 (3d Cir. 1991). ("[S]ince § 1322(b)(2) prohibits a plan that works a modification of the rights of a home mortgage lender, the fact that such a plan may meet the requirements of § 1325(a)(5)(B)(ii) is simply not relevant.")

Moreover, Debtor's argument that OneWest's interest can somehow be valued at $5000 is based not only on the accepted science of actuarial statistics, but also on the pure speculation that the Debtor and his spouse may jointly convey the property without satisfying the OneWest mortgage. Neither does the Debtor address the possibility that a divorce would terminate the tenancy by the entireties, which would remove the contingent nature of OneWest's interest. *In re Brannon*, 476 F.3d 170, 173 -174 (3d Cir. 2007). These vicissitudes cannot be quantified and cannot serve as the basis for properly evaluating the "value" of a creditor's claim. See, for

example, *Robinette v. Helvering*, 318 U.S. 184, 63 S.Ct. 540, 87 L.Ed. 700 (U.S. 1943) ("Actuarial science may have made great strides in appraising the value of that which seems to be unappraisable, but we have no reason to believe from this record that even the actuarial art could do more than guess at the value here in question.") *Id.* at 189.

It is for these reasons that OneWest's Objection must be sustained and the Debtor's Plan cannot be confirmed. The Debtor will be given thirty days to file an Amended Plan.

An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: September 25, 2012